## PARKER *v.* STATE.

Opinion delivered September 23, 1929.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

SMITH, J. Appellant was convicted under each of the two counts of the indictment upon which he was tried, the first charging him with burglary and the second with grand larceny. It was alleged that he had broken into a building occupied by the Kroger Grocery & Baking Company, and had stolen and carried away a quantity of cigars, tobacco, cigarettes, bacon and ham.

The motion for a new trial contains a number of assignments of error, all of which have been considered, although no brief has been filed on appellant's behalf, but the only assignments of error which appear to be of

sufficient importance to require discussion are the following:

Appellant was jointly indicted with one Ernest Emory, and a motion for a continuance was filed, which alleged the absence of Emory, and recited that, if he were present, he would testify "that defendant did not commit any of the acts of burglary or any of the offenses as charged in the indictment herein." The motion contained the admission that no subpoena had issued for this witness, but it was explained that this omission was due to the fact that it was known to defendant that a warrant of arrest for Emory was in the hands of the officers, and it was believed that, if this warrant was not served, a subpoena could not be.

This allegation was, of itself, sufficient to sustain the action of the court in overruling the motion for a continuance. Defendant had no right to demand the postponement of his trial until the presence of a fugitive from justice could be secured. There was no showing that the attendance of this witness could ever be secured. *Harris* v. *State,* 169 Ark. 630, 276 S. W. 361. Moreover, the motion contained only a statement of a conclusion of law. There was no recital of the facts concerning which the witness, if present, would testify.

The manager of the grocery company testified that a list of the goods received by the officers who arrested appellant had been furnished him, and he identified these goods as having been taken from his store. There were certain marks which made the identification possible. Objection to this testimony was properly overruled, as the testimony of the officers who delivered the goods to the manager of the store identified them as the goods found in a room occupied by appellant at the time of the commission of the crimes charged.

After the prosecution had announced that the case was closed, appellant asked the court to direct a verdict in his favor on the ground that the evidence was insufficient to support a conviction. Thereupon the prose-

cuting attorney asked permission to ·offer further testimony, and, when permission was given, the prosecuting attorney himself took the stand and testified to a confession of guilt made to him, which appears to have been freely and voluntarily made. Appellant had not at that time offered any testimony in his own behalf.

The practice is well settled that the trial court has a wide discretion in the control of the order of introduction of testimony, and that a judgment will be reversed for rulings in this regard only when an abuse of this discretion resulting in prejudice has been shown. There appears to have been no abuse of discretion in the instant case. *Stepp* v. *State,* 170 Ark. 1061, 282 S. W. 684.

The evidence is legally sufficient to sustain the judgment, and, as no error prejudicial to appellant was committed at the trial, the judgment must be affirmed, and it is so ordered.